UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VIVEK KUMAR,

Petitioner,

v.

WARDEN OF NORTHWEST ICE PROCESSING CENTER, et al.,

Respondents.

Case No. C26-3969-RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Vivek Kumar's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the Petition, a Return filed by the Government, Dkt. #5, a Traverse, Dkt. #8, and the remainder of the record.

The following facts are taken from the Petition and a declaration submitted by an ICE officer, Dkt. #6. Petitioner is a native and citizen of India who entered the United States without being inspected or admitted. Customs and Border Patrol ("CBP") encountered Petitioner on May 26, 2023, near Lukeville, Arizona and determined he had entered the United States unlawfully. He was released on an Order of Release on Recognizance ("OREC") on May 28, 2023.

After being paroled into the United States, Petitioner applied for asylum in June 2023 based on religious persecution in India based on his conversion to Christianity. His asylum

petition remains pending before the immigration court and his individual hearing is scheduled for September 2027.

On March 13, 2026, Petitioner was arrested by the Washington State Patrol, in Bellevue, Washington, for driving under the influence and obstructing a law enforcement officer in violation of Revised Code of Washington ("RCW") §§ 46.61.502(5) and 9A.76.020. Seven months later, on October 5, 2026, Petitioner reported to the Seattle Field Office and was arrested by ICE, his OREC was revoked, and he was transported to the NWIPC. He did not receive a bond hearing prior to his detention. He has not been convicted of the above crimes.

Petitioner was scheduled to appear for a master calendar hearing before the Tacoma Immigration Court on November 5, 2026.

Respondents maintain that Petitioner's arrest constitutes a material change in circumstances since his initial release, and that this material change warrants a post-deprivation hearing "so that the immigration judge can consider the documented criminal arrest and determine whether Petitioner is a flight risk or danger." Dkt. #5 at 10–11 (citing cases).

Petitioner maintains that Due Process requires a pre-deprivation hearing based on the legal standard set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Dkt. #8 at 4–5 (citing *Carrasquilla Ocampo v. Mullin*, 2026 WL 2085292 (W.D. Wash. July 20, 2026)). Petitioner argues:

> Under *Mathews*, the *Carrasquilla Ocampo* court concluded that all three factors favored the petitioner. *See id*. at *2–3. There, like here, the petitioner lived in the community for several years and built life "in reliance on his release." *Id*. at *2. While it is true that Petitioner was charged with a DUI several months before he was detained, he nevertheless possesses a fundamental liberty interest. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (freedom from physical detention is "the most elemental of liberty interests"); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment— from government custody, detention, or other forms of physical

> restraint—lies at the heart of the liberty that [the Due Process] Clause protects."). Petitioner has remained in the community and he contests the criminal charge, which remains open, and for which Petitioner was released pending adjudication of the charge. *See* Pet. ¶ 7. For these reasons, like in *Carrasquilla Ocampo*, Petitioner's liberty interest weighs in his favor.
>
> Similarly, "the risk of erroneous deprivation is high. The DUI charge that purportedly triggered his re-detention is just that—a charge—as the case remains open. Thus, whether any OREC violation occurred is a contested question that no neutral arbiter has resolved." *Carrasquilla Ocampo*, 2026 WL 2026 WL 2085292, at *2. Thus, the second *Mathews* factor weighs in Petitioner's favor.
>
> Finally, "the Government's interest in re-detaining [Petitioner] without a hearing is low. Nothing prevented ICE from scheduling a hearing before re-detaining him; …" *Id*. And like in *Carrasquilla Ocampo*, the delay between the criminal arrest and the re-detention "undermines any claim of urgency." *Id*. ("three-month gap between the January DUI arrest and the May re-detention undermines any claim of urgency"). Here, Petitioner was arrested in March 2026 according to the Government's documents, but was not re-detained by ICE until October 2026. For more than six months Petitioner remained free to live and work and contribute to this country. There was no reason to arbitrarily re-detain him at his ICE check-in, and certainly no urgency in doing so.

*Id*.

The Court agrees with Petitioner. Respondents appear to acknowledge that, under the repeated rulings of this Court, Petitioner's due process rights were violated when he was detained without a bond hearing. *See* Dkt. #5 at 10–11. Although Respondents cite to other cases where this Court has ordered a post-deprivation hearing, the Court agrees with Petitioner that the facts of this case do not justify such because of the lack of urgency in the ICE arrest and the procedural safeguards already in put in place by the state court.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that Petitioner shall be released **no later than November 12, 2026**, and not re-detained without

adequate notice and a meaningful opportunity to respond. The Court DIRECTS Respondents to file a status update with the Court no later than **November 13, 2026**.

DATED this 10th day of November, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE